IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| *Chase White, et. al.* | ) | **CLASS ACTION CASES** |
| *vs.* | ) | |
| *Pasha Distribution Corp.* | ) | **Case No.: 4:11-cv-00975-ODS** |
| | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

The Court has considered the proposed Settlement Agreement and the Exhibits attached thereto (hereafter collectively "Settlement Agreement") and the parties' Motion for Preliminary Approval of Class Action Settlement. The motion (Doc. # 159) is granted, and the Court orders as follows:

1. The terms of the Settlement set forth in the Settlement Agreement are preliminarily approved as fair, adequate and reasonable to the Class, subject to final approval thereof at the Settlement Hearing described in Paragraph 7 of this Order. The Settlement falls within the range of reasonableness and appears to be presumptively valid, subject only to any objections that may be raised at the final fairness hearing and final approval by this Court.

2. For purposes of the settlement, the Court finds that Plaintiffs, by and through Class Counsel, have established each of the elements of Federal Rules of Civil Procedure, Rule 23(a), and Rule 23(b)(3). It is therefore ordered that the following Settlement Class are certified for settlement purposes only, as follows:

- *The Missouri Class*: "All employees who worked for Wireless Lifestyle in the positions of Retail Sales Associate or Assistant Store Manager in the State of Missouri at any time from September 26, 2008 until September 1, 2012.

- *The California Class*: "All employees who worked for Wireless Lifestyle in the positions of Retail Store Manager, Retail Sales Associate, or Assistant Store Manager in the State of California at any time from September 13, 2007 until September 1, 2012.

- *The Kansas Class*: "All employees who worked for Wireless Lifestyle in the positions of Retail Sales Associate or Assistant Store Manager in the State of Kansas at any time from September 28, 2008 until September 1, 2012.

- *The Illinois Class*: "All employees who worked for Wireless Lifestyle in the

positions of Retail Sales Associate or Assistant Store Manager in the State of Illinois at any time from August 17, 2008 until September 1, 2012.

3. The Court further orders that following class of individuals is provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b), for purposes of this Settlement only: "All persons employed by Wireless Lifestyle from October 1, 2008 to September 1, 2012 who filed a timely consent form on or before May 11, 2012 in the FLSA collective action in *White v. Pasha Distribution Corporation d/b/a Wireless Lifestyle*, United States District Court for the Western District of Missouri, Case No. 4:11-cv-00975."

4. For purposes of the settlement, the Court further designates the following named Plaintiffs as Class Representatives:

- *The Missouri Class*: Chase White.
- *The California Class*: Yasmin Martinez, Kevin Frazier, Dejesus Libran, and Teausha Coleman.
- *The Kansas Class*: Brandon Falley and Zach Janice.
- *The Illinois Class*: Haleem Ahmed.
- *The FLSA Class*: Chase White, Brandon Falley, and Zach Janice.

5. For purposes of the settlement, the Court further designates the following law firms as Class Counsel:

- *The Missouri Class*: Reavey Law LLC.
- *The California Class*: Pollard | Bailey, the Karasik Law Firm, and Gaines and Gaines APLC.
- *The Kansas Class*: Reavey Law LLC.
- *The Illinois Class*: Touhy, Touhy & Buehler, LLP.
- *The FLSA Class*: Reavey Law LLC and Touhy, Touhy & Buehler, LLP.

6. The Court confirmsRG2 Claims LLC as the Claims Administrator.

7. A final fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable and adequate as to the members of the respective Classes is scheduled in Courtroom 8D at 10:30 a.m. on February 14, 2013. Class Counsel shall file and serve papers in support of final approval, as well as papers in support of approval the enhancement payments to the Class Representative, attorneys' fees and costs, no later than January 31, 2013.

2

8. The Court approves, as to form and content, the Notice of Pendency of Class Action Settlement ("Settlement Notice"), in substantially the form attached to the Stipulation of Settlement between Plaintiffs and Defendant as **Exhibit B.** The Court also approves, as to form and Content, the Claim Form, in substantially the form proposed by the parties. With respect to the Claim Form, the parties submitted one issue for the Court's resolution: whether to include (1) the estimated Claim Share amount the Eligible Class Member will receive under the formula described in Sections 5(a)-(b) or (2) the estimated value of a compensable workweek under the formula described in Sections 5(a)-(b). The Court believes each estimate provides different but valuable information to class members and directs that both estimates be included on the Claim Form.

9. The Court directs the mailing of the Settlement Notice, and the Claim Form by first class mail to the Eligible Class Members in accordance with the Implementation Schedule set forth below. The Court finds that the content of the Settlement Notice and Claim Forms, and the procedures for the mailing and distribution of the Settlement Notice and the Claim Form, as set forth in the Implementation Schedule, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

10. The Court further approves the procedures for Eligible Class Members to participate in, opt out of, or object to the Settlement, as set forth in the Settlement Agreement and Settlement Notice.

11. To facilitate administration of the Settlement pending final approval, the Court hereby enjoins all Eligible Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims released by the Settlement unless and until such Eligible Class Members have filed valid Requests for Exclusion with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

10. The Court orders the following Implementation Schedule for further proceedings:

| Event | Timing |
|---|---|
| Defendant provides Class Member Data to Claims Administrator for preparation of the Notice. | 10 days after Preliminary Approval |
| Claims Administrator Mails Class Notice and Claim Form to Eligible Class Members. | 30 days after Preliminary Approval |
| Administrator provides post card reminder | 30 days after mailing by Claims Administrator |
| Deadline to submit Claims, Opt-outs and Objections | 60 days after mailing by Claims Administrator |
| Administrator provides declaration of Mailing Class Notice and Claim Form. | 20 Court days before Final Approval |
| Final Approval Papers filed. | 14 days before Final Approval Hearing |
| | |

**IT IS SO ORDERED.**

                                                    **/s/ Ortrie D. Smith**
                                                    **ORTRIE D. SMITH, SENIOR JUDGE**
**DATE: October 31, 2012**              **UNITED STATES DISTRICT COURT**