# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| *Chase White, et. al.* ) | **CLASS ACTION CASES** |
| *vs.* ) | |
| *Pasha Distribution Corp.* ) | **Case No.: 4:11-cv-00975-ODS** |
| ) | |
| ) | |
| *Yasmin Martinez,* ) | **Case No.: 4:12-cv-00773-ODS** |
| *vs.* ) | |
| *Wireless Lifestyle, Inc.* ) | *Transferred from N.D. California* |
| ) | *Case No.* 3:11-cv-05132 |
| ) | |
| *Kevin Frazier, et al,* ) | **Case No.: 4:12-cv-00839-ODS** |
| *vs.* ) | |
| *Wireless Lifestyle, Inc.* ) | *Transferred from N.D. California* |
| ) | *Case No: 4:11-cv-05192* |
| ) | |
| *Teausha Coleman* ) | **Case No. 4:12-cv-00855-ODS** |
| *vs.* ) | |
| *Wireless Lifestyle, Inc.* ) | *Transferred from* C.D. *California* |
| ) | *Case No: 5:11-cv-01727* |
| ) | |
| *Haleem Ahmed,* ) | **Case No. 4:12-cv-00437-ODS** |
| *vs.* ) | |
| *Pasha Distribution Corp.* ) | |
| ) | |
| ) | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE**

On February 14, a hearing was held on the parties' Motion for an Order Granting Final Approval Of Class Action Settlement & Dismissal With Prejudice. The motion (Doc. # 172) is granted.

The above captioned Actions are five (5) class action lawsuits brought by Plaintiffs Yasmin Martinez, Kevin Frazier, Dejesus Libran, Chase White, Brandon Falley, Zach Janice, Teausha Coleman and Haleem Ahmed (hereinafter "Plaintiffs"), against Defendant Wireless

Lifestyle, Inc. ("Defendant") (collectively the "Parties").  On October 31, 2012, this Court entered an *Order Granting Preliminary Approval Of Settlement*, resulting in certification of the following provisional settlement classes under Fed. Rules of Civ. Proc., Rule 23:

- *The Missouri Class*: "All employees who worked for Wireless Lifestyle in the positions of Retail Sales Associate or Assistant Store Manager in the State of Missouri at any time from September 26, 2008 until September 1, 2012."
- *The California Class*: "All employees who worked for Wireless Lifestyle in the positions of Retail Store Manager, Retail Sales Associate, or Assistant Store Manager in the State of California at any time from September 13, 2007 until September 1, 2012."
- *The Kansas Class*: "All employees who worked for Wireless Lifestyle in the positions of Retail Sales Association or Assistant Store Manager in the State of Kansas at any time from September 26, 2008 until September 1, 2012."
- *The Illinois Class*: "All employees who worked for Wireless Lifestyle in the positions of Retail Sales Associate or Assistant Store Manager in the State of Illinois at any time from August 17, 2008 until September 1, 2012."

The Court provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b), the following class of individuals for purposes of this Settlement only: "All persons employed by Wireless Lifestyle from October 1, 2008 to September 1, 2012 who filed a timely consent form on or before **May 11, 2012** in the FLSA collective action in *White v. Pasha Distribution Corporation d/b/a Wireless Lifestyle*, United States District Court for the Western District of Missouri, Case No. 4:11-cv-00975."

Moreover, the Court further directed the Parties to provide Notice to the above Classes, which informed absent class members of: **(a)** the proposed Settlement, and the Settlement's key terms; **(b)** the date, time and location of the Final Approval Hearing; **(c)** the right of any Settlement Class Member to object to the proposed Settlement, and an explanation of the procedures to exercise that right; **(d)** the right of any Eligible Class Member to exclude themselves from the proposed Settlement, and an explanation of the procedures to exercise that right; and **(e)** an explanation of the procedures for class members to participate in the proposed Settlement.

The Court, upon Notice having been given as required in the Preliminary Approval Order, and having considered the proposed Settlement Agreement, attached hereto as **Exhibit**

**1**, as well all papers filed, hereby ORDERS, ADJUDGES AND DECREES AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the Actions and over all Parties to the Actions, including all Settlement Class Members.

2. The Notice provided to the Class conformed with the requirements of *Federal Rules of Civil Procedure, Rule 23, subparts (d) and (e),* and constituted the best notice practicable under the circumstances by providing individual notice to all Eligible Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein, and thus, fully satisfied the requirements of due process.

3. The Court hereby finds that Defendant has satisfied its notice obligations under 28 USCS § 1715(b) on October 8, 2012 (Dkt. No.165), and pursuant to 28 USCS § 1715(d), enters the instant Order ninety (90) days after the dates on which the appropriate Federal and/or State officials were served with the notice required under 28 USCS § 1715, subsection (b).

4. The Court hereby finds the Settlement was entered into in good faith; that the Settlement is fair, reasonable, and adequate; and that Plaintiffs have satisfied the standards and applicable requirements for final approval of this Class Action settlement under the provisions of *Federal Rules of Civil Procedure, Rule 23, subpart (e)(2)*.

5. The Court also finds that the Class is properly certified as a class for settlement purposes only.

6. Upon entry of this Order, compensation to the Participating Settlement Class Members shall be effected pursuant to the terms of the Settlement Agreement. The Participating Settlement Class Members shall include all people whose claim forms were received by the Claims Administrator or any party before 11:15 a.m. Central Time on February 14, 2013, regardless of the postmark date and even if those claims are untimely under the provisions of any other agreement or order. In addition, the Participating Settlement Class Members shall include Phillip Ankomah, whose claim form was sent to the Court and is docketed as Doc. # 173.

7. In addition to any recovery that they may receive under the Settlement, and in recognition of their efforts on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award to Class Representatives Yasmin Martinez, Kevin Frazier, Dejesus Libran, Brandon Falley, Zach Janice, Teausha Coleman and Haleem Ahmed in the amount of $5,000.00 each, for a total of $35,000.00.

8. The Court hereby approves the payment of attorneys' fees to Class Counsel in the sum of $750,000.00, and costs in the sum of $21,325.16 to be effected in the manner set forth in the Settlement Agreement upon entry of this Order.

9. The Court also hereby approves and orders payment in the amount of $23,100.00 to RG2 Claims Administration LLC, for performance of its settlement claims administration services.

10. Upon entry of this Order, all of the claims in the Actions shall be and are hereby dismissed with prejudice upon the merits and in full and final discharge of any and all such Claims. All Settlement Class Members, as defined in the Settlement Agreement, shall be deemed to and do hereby release and forever discharge Defendant for any and all Released Claims, as defined in the Settlement Agreement, and are hereby permanently barred and enjoined from the institution or prosecution of any and all Released Claims against Defendant.

11. This Order is intended to be a final disposition of all Actions in their entirety, and is intended to be immediately appealable.

12. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the Settlement, and any and all Claims, asserted in, arising out of, or related to the subject matter of the Lawsuits, including but not limited to all matters related to the Settlement and the determination of all controversies relating thereto.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 14, 2013     UNITED STATES DISTRICT COURT